**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0924-18T3

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE,
IN TRUST FOR THE
REGISTERED HOLDERS OF
ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST,
SERIES 2006-NCE, ASSET
BACKED PASS-THROUGH
CERTIFICATES,

     Plaintiff-Respondent,

v.

LAMIAA GOUDA, and MR.
GOUDA, Her Husband,

     Defendants-Appellants.

_____

         Submitted September 25, 2019 – Decided October 16, 2019

         Before Judges Fuentes and Haas.

         On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-034421-16.

         Ronald Kurzeja, attorney for appellants.

Milstead & Associates, LLC, attorneys for respondent (Bernadette Irace, on the brief).

PER CURIAM

Defendant[1] appeals from the order of the Chancery Division, General Equity Part denying her motion to vacate a default judgement of foreclosure. We affirm.

On March 3, 2006, defendant Lamiaa Gouda and her husband offered real property located in Jersey City as collateral to borrow $352,800 from Century Mortgage Corporation. To secure repayment of the loan, defendant signed a promissory note (Note) on that same date, with an adjustable interest rate, and a non-purchase money mortgage. On March 9, 2006, Century Mortgage Corporation assigned the mortgage and the promissory note to plaintiff HSBC Bank USA, National Association, As Trustee, In Trust For The Registered Holders Of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NCE, Asset Backed Pass-Through Certificates. Plaintiff recorded the assignment on the same day in the Hudson County Registrar of Mortgages and Deeds. The mortgage was recorded on March 17, 2006.

---

[1] Although Lamiaa Gouda's husband is named as a defendant in this litigation, we will refer to the debtors using the singular "defendant."

Defendant did not make any payments on the loan. On July 1, 2016, defendant and plaintiff's servicer, Portfolio Servicing, Inc., entered into a Loan Modification Agreement that established $804,460.22 as the modified amount due under the Note and mortgage, with a deferral in interest and payment of $244,784.86. Defendant defaulted on the loan modification agreement and all payments due thereafter. On August 18, 2016, plaintiff sent defendant Notices of Intention to Foreclose to the property used as collateral for the loan and to defendant's personal address.[2] Plaintiff's counsel also confirmed the accuracy of these addresses with the Jersey City Post Master General.

Plaintiff's counsel retained a private investigator to attempt to locate defendant's whereabouts. The investigator performed a skip trace and checked records maintained by the New Jersey Motor Vehicles Commission. Through this process, plaintiff discovered a new address for defendant on Corbin Avenue, Jersey City, which was confirmed by the skip trace. On January 12, 2017, a private process server unsuccessfully attempted to personally serve Lamiaa Gouda at this address. In his affidavit of Non-Service, the process server noted that Lamiaa Gouda's name was not on the mailbox at this location. Further

---

[2] We have opted not to include the actual addresses to protect the privacy of the litigants.

A-0924-18T3

attempts to serve defendant at this location and to ascertain Ms. Gouda's whereabouts by asking area residents were unsuccessful.

On February 27, 2017, plaintiff sent defendant a Notice of Absence at the mortgaged property by certified mail and regular mail. The Notice included a copy of the complaint for foreclosure and mediation. The certified mail was returned by the postal service marked "unclaimed." The letter sent by regular mail was not returned. Plaintiff submitted a certification attesting to these facts in support of its application to serve defendant by publication. On December 19, 2017, the court entered a final default judgement against defendant in the amount of $840,000.

The property was first scheduled to be sold in a sheriff's sale on August 2 2018. Defendant, represented by private counsel, requested Judge Jeffrey R. Jablonski to stay the sheriff's sale to allow her to file a motion to vacate the default judgment pursuant to Rule 4:50-1. Judge Jablonski granted the stay and scheduled the matter for oral argument. On September 14, 2018, Judge Jablonski considered the arguments of counsel and denied the motion to vacate the default judgment and consequently denied defendant's second application to stay the sheriff's sale.

A-0924-18T3

Defendant returned before Judge Jablonski on October 24, 2018 and again requested a stay of the sheriff's sale pending the outcome of defendant's appeal to this court. After considering oral argument from counsel, Judge Jablonski denied defendant's application for stay. On October 25, 2018, this court granted defendant's emergent application and stayed the sheriff's sale pending further submissions of legal memoranda from the parties. In an order dated December 18, 2018, this court granted defendant's motion and stayed the sheriff's sale pending the outcome of this appeal.

Against this procedural backdrop, defendant argues Judge Jablonski erred in denying their motion to vacate the default judgment because plaintiff failed to personally serve her with process and did not conduct the diligent inquiry required by Rule 4:4-5 before petitioning the court for leave to serve defendant by publication. After reviewing the record developed before trial court, we reject defendant's argument substantially for the reasons expressed by Judge Jablonski in his well-reasoned oral opinion delivered from the bench on September 14, 2018.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0924-18T3